

1
2
3
4
5
6
7
8    UNITED STATES DISTRICT COURT

9    NORTHERN DISTRICT OF CALIFORNIA

10    OAKLAND DIVISION

11

12    HELENE AKAR,                    )        Case No.: C 07-4531 WDB
                                      )
13             Plaintiff,             )        **INTERIM ORDER FOR**
                                      )        **PLAINTIFF TO PROVIDE**
14        v.                          )        **ADDITIONAL INFORMATION IN**
                                      )        **COMPLAINT AND IN**
15    PRESCOTT HOTEL,                 )        **APPLICATION TO PROCEED IN**
                                      )        **FORMA PAUPERIS**
16             Defendants.            )
      _____)

17

18        On August 31, 2007, Plaintiff filed an Employment Discrimination Complaint

19    along with an Application to Proceed in Forma Pauperis.

20        The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28

21    U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the

22    federal courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-343 (1948).

23    To this end, § 1915(a) allows a litigant to commence a civil action in federal court *in*

24    *forma pauperis* by filing in good faith an affidavit stating, *inter alia*, that he is unable to

25    pay the costs of the lawsuit. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Pursuant

26    to 28 U.S.C. § 1915(e), however, where a plaintiff seeks to proceed *in forma pauperis*,

27    the Court must dismiss the complaint if it determines that the complaint is frivolous or

28    malicious, or that the plaintiff has failed to state a claim upon which relief can be granted.

1    28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

2         Here, Plaintiff's **Complaint**, as currently drafted, fails to state a claim upon which

3    relief can be granted.  Plaintiff filed an Employment Discrimination Complaint on Form-

4    Intake 2, which poses ten questions for the Plaintiff to answer.  Plaintiff indicated in her

5    form that she is suing because she believes her employment was terminated unlawfully

6    because of race, sex, and national origin.  In answer to Question 6 on the form, which

7    asks Plaintiff to describe the "basic facts surrounding [her] claim of discrimination,"

8    Plaintiff wrote only the words "sex, national origin, retaliation, age."  Plaintiff did not

9    provide the facts upon which she bases her legal claims.

10         The Federal Rules of Civil Procedure require Plaintiff to set forth in her Complaint

11    a "short and plain statement of the claim showing that [she] is entitled to relief."  Fed. R.

12    Civ. Pro. 8(a).  Plaintiff's five-word answer to Question 6 fails to do this and, thus, fails

13    to meet the requirement of the Rules to state a claim.  The Complaint, however, may be

14    capable of amendment.  Accordingly, if Plaintiff chooses to proceed with her lawsuit, **by**

15    **no later than October 1, 2007**, she must file an Amended Complaint, which may take

16    the form of an amendment to Form-Intake 2.  In answering Question 6 on the amended

17    form, Plaintiff must set forth the core facts, events, or actions by Defendant on which she

18    bases her claim.

19         In addition, the Court needs further information about Plaintiff's financial

20    circumstances.  Plaintiff states in her Application to Proceed *In Forma Pauperis* that she

21    is currently unemployed and that in the last twelve months she received "about $3500"

22    from Alliance Mortgage Co., and approximately $5200 from Monticello Hotel.  *See*

23    Application to Proceed In Forma Pauperis, 8/31/07, at page 2.  Plaintiff also states that

24    she has a bank account with $2000 in cash, and that she owns a car with no loan

25    outstanding.  *Id.* at 3.  With respect to expenses, Plaintiff states that her monthly living

26    expenses are $1300, and that she makes monthly payments of between $500 and $1500

27    on three credit cards.  *Id.* (emphasis added).  Plaintiff states that she does not know how

28    much she owes in total on each of these three credit cards.

Given that Plaintiff states that she is currently unemployed and has only $2000 in her bank account, it is unclear to the Court with what funds Plaintiff is able to make monthly payments of $1500 on a Visa card, $1,000 on a card Plaintiff describes as "MC" (presumably, a Master Card), and $500 on a card Plaintiff describes as "DS." Accordingly, if Plaintiff would like the Court to consider her Application, **by no later than October 1, 2007,** Plaintiff must file a Supplemental Application, explaining to the Court whether she makes these credit card payments on a monthly basis and, if so, identifying the sources from which she makes the payments. Alternatively, if Plaintiff made this statement in error and did not intend to say that she made these credit card payments on a monthly basis, Plaintiff must correct the information on her Supplemental Application to inform the Court of what the correct answer should be to Question 8 with respect to her charge accounts.

Dated:    9/17/2007

_____
WAYNE D. BRAZIL.
United States Magistrate Judge