

FILED
MAR 28 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

HÉLÈNE AKAR       Plaintiff,       )
                                   )
vs.                                )    CASE NO. C07-4531 SI
                                   )
                                   )    **EMPLOYMENT DISCRIMINATION**
                                   )    **COMPLAINT**
PRESCOTT HOTEL    Defendant(s).    )
                                   )

1.  Plaintiff resides at:

    Address  691 CHENERY ST,

    City, State & Zip Code  SAN FRANCISCO, CA 94131

    Phone  (415) 350-4145

2.  Defendant is located at:

    Address  545 POST ST

    City, State & Zip Code  SAN FRANCISCO, CA 94109

3.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employ-

ment discrimination.  Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5.

Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

4.  The acts complained of in this suit concern:

    a. __ Failure to employ me.

    b. x Termination of my employment.

Form-Intake 2 (Rev. 4/05)                - 1 -

1       c. __ Failure to promote me.

2       d. _X_ Other acts as specified below.

3   _____

4   _____

5   _____

6   _____

7   _____

8   _____

9   5.     Defendant's conduct is discriminatory with respect to the following:

10      a. _X_ My race or color.

11      b. __ My religion.

12      c. _X_ My sex.

13      d. _X_ My national origin.

14      e. __ Other as specified below.

15   _____

16   6.     The basic facts surrounding my claim of discrimination are:

17   _____SEE ATTACHMENT LETTER_____

18   _____

19   _____

20   _____

21   _____

22   _____

23   _____

24   _____

25   7.     The alleged discrimination occurred on or about _10 - 10 - 2005_.

26                           (DATE)

27   8.     I filed charges with the Federal Equal Employment Opportunity Commission (or the

28   California Department of Fair Employment and Housing) regarding defendant's alleged

Form-Intake 2 (Rev. 4/05)       - 2 -

1  discriminatory conduct on or about  6 - 2 - 1005  .

2  (DATE)

3  9.    The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter

4  (copy attached), which was received by me on or about  6 - 11 - 07  .

5  (DATE)

6  10.    Plaintiff hereby demands a jury for all claims for which a jury is permitted:

7  Yes  X     No  ____

8  11.    WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate,

9  including injunctive orders, damages, costs, and attorney fees.

10

11  DATED:  3 - 28 - 08

12  SIGNATURE OF PLAINTIFF

13

14  *(PLEASE NOTE: NOTARIZATION*                 HELENE AKAR.

15  *IS NOT REQUIRED.)*                 PLAINTIFF'S NAME

16  (Printed or Typed)

17

18

19

20

21

22

23

24

25

26

27

28

Form-Intake 2 (Rev. 4/05)              - 3 -

Helene Akar
691 Chenery Street
San Francisco, CA 94131
August 25, 2007

The Honorable Susan Illston
United States District Judge
Northern District of California
450 Golden Gate Avenue, 17th Floor
San Francisco, CA 94102

Re:    Helene Akar v. Prescott Hotel
       Case No. C 07-4531 SI

Dear Judge Illston:

I am writing in response to your order reopening the above-referenced case, directing me
to file an amended complaint and supplemental information regarding my financial
condition. Attached please find Form-Intake 2 per your instructions.

I am claiming that I was discriminated against based primarily on my race/national origin
but also on my age and sex. I am also claiming that the Prescott Hotel violated my
privacy by having my personnel records available for access by any employee who used
the computer in the back office. Virtually every employee had access to that computer.
Some of my co-workers (who were not my supervisors) actually knew that I was going to
be terminated one week before I knew it.

During the period from January 2005 through February 10, 2006, I was employed by the
Prescott Hotel located at 545 Post Street in San Francisco. At the time my employment
was terminated, my position was Front Desk Agent.

While working at the Prescott Hotel, I experienced such a great deal of stress from the
hostile work environment that I developed medical problems such as insomnia,
nightmares and skin rashes. Following are some examples of the hostile work
environment:

- Being yelled at by managers and co-workers, sometimes in the presence of hotel
  guests.
- Negative remarks by co-workers directed to me regarding my race/national origin.
- Repeated use of foul language in my presence.
- Being called names by co-workers.
- Not being accorded the same flexible terms and conditions of employment as co-
  workers, some of whom had less seniority.
- Being disciplined for actions that co-workers were not disciplined for.
- Being disciplined for actions/mistakes committed by co-workers.

- Co-workers arranging for sexually explicit materials to appear on my computer screen against my will.
- Co-workers directing sexually explicit gestures toward me.
- Management telling my co-workers of their intention to terminate my employment before telling me.
- Management making my confidential personnel record accessible via computer by my co-workers.
- Bellmen routinely ignored my requests to assist hotel guests with luggage.

I am attaching Form-Intake 2 providing more detailed examples of the above.

In addition to being subjected to a hostile work environment, I also believe that my employment was wrongfully terminated. Errors made by my co-workers were mistakenly attributed to me. In addition, I received conflicting instructions regarding policy and procedures.

Following my termination from the Prescott Hotel, I filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC No. 550-2006-00335). The EEOC conducted an investigation and referred my complaint to the California Department of Fair Employment and Housing (DFEH). Subsequently, I received a right-to-sue notice from the DFEH authorizing me to bring a civil action (under the provisions of the Fair Employment and Housing Act) in a California Superior or Justice Court.

Thank you for your kind consideration of my case.

Sincerely,

Helene Akar

Attachment

**Attachment to Intake-Form 2 – Helene Akar v. Prescott Hotel C 07 4531 SI**

Answer to Question # 6

Core facts, events or actions by defendant on which my claim of discrimination is based.

Regarding statements about my National origin – Lebanese

Carlos Arias, Bellman

> ➢ In June 2005 Mr. Arias stated to me that he does not like Middle Eastern or Arabic people because they are criminals. He said he is proud of himself to be an American citizen and that he served in the military and is fluent in English.
> ➢ Every time there Mr. Arias heard news about Iraq, he would come to me while I was stationed at the front desk in the lobby and say derogatory statements about Arab people. For example, he said they were "uneducated" and "stupid." He would say they were all "terrorists and the world would be better off without Arabs." He would also say that Arab people who lived in America "should go back to their camels." Sometimes he would say these things to me while I was at lunch or on break in the back room.
> ➢ In August 2005 while I was working at the desk in the front lobby, Mr. Arias told me that "nobody in the hotel likes you" and "you are rude and crazy."

Michael Whipple, Bellman is a good friend of Mr. Arias

> ➢ In April 2005 Mr. Whipple called me "retarded" and yelled at me in front of guests
> ➢ In October 2005, Mr. Whipple called me a "liar", "retarded" and threatened me saying that I "was going to be in trouble and someone was going to kick my ass" and that he "was going to teach me a lesson."

Sexual Harassment and age

Carlos Arias, Bellman

> ➢ In July 2005, while standing in front of me in the back office, Mr. Arias pulled out his tongue and played with it. I told him that "this was disgusting and I can't believe that you're doing that." I turned my back to him. He then asked me, "How old are you? Do you have children?" Then he laughed at me.
> ➢ When I was in the back office with Mr. Arias and Matthew Ryan, Concierge, Mr. Arias was talking about my female co-worker in very sexually explicit terms, describing how he had sexual relations with her and describing them in detail. I was shocked and disgusted and embarrassed for both myself and my co-worker.
> ➢ On three occasions, when Mr. Arias had been using my computer at the front desk before my shift, sexually explicit images would appear immediately when I signed on for my shift. I could not close the screen, so I asked John Robie, Concierge to help me. Mr. Robie told me that Mr. Arias had been using the computer right before me.
> ➢ Also, when I signed onto the computer in the back office, sexually explicit images appeared and again I could not close the screen. David (LNU), phone operator

told me that Mr. Arias often used that computer to search for pornographic
images.

➢ Nearly every morning around 7:30 am, Mr. Arias used the phone next to me at the
front desk to call a woman and talk to her about sex. This was extremely
offensive and disruptive to me. When I asked him to please move away he would
say, "This whole place is not for you."

Disparate Treatment

➢ Mr. Arias would not answer me when I would page him to assist a guest. This
was very embarrassing because the guest would become irritated and complain
about me. I had to try to explain that the bellman was delayed for some reason.
Mr. Arias would promptly answer when other hotel staff paged him. Sometimes,
Matthew Ryan would page Mr. Arias for me, so he would come to assist the
waiting guest.

➢ When I would ask Mr. Arias to show a room to a guest prior to check-in, Mr.
Arias refused me and said, "It's not my job." Then Mr. Ryan would ask him to do
it and he would then show the guest the room.

➢ Matthew Bell, my immediate supervisor and close friend of Mr. Arias, reduced
my hours and said he could not pay me overtime. But instead he increased the
hours of a younger, American female co-worker who had less seniority than I. He
also paid her overtime.

➢ I received a memo from management stating that it was hotel policy not to cash
personal checks for guests. When I apologized to a guest for not being able to
honor his request, Mr. Ryan, contradicted me in front of the guest and called me a
liar.

➢ On November 11, 2005, I requested time off for Christmas to go to Lebanon to
visit my ailing mother. Mr. Bell refused my request to be off on Christmas
because he said the "hotel would be very busy." He granted the requests of less
senior employees to be off on Christmas and the hotel business was very slow
Christmas week through January 3, 2006. In fact, Mr. Bell assigned me to work
totally alone on New Year's Eve 2005 and New Year's morning 2006. I believe
that he knew far in advance that business was going to be slow and that's why he
granted my co-worker's their vacation requests.

Helene Akar
691 Chenery Street
San Francisco, CA 94131

The Honorable Susan Illston
United States District Judge
Northern District of California
450 Golden Gate Avenue, 17th Floor
San Francisco, CA 94102

Re:    Helene Akar v. Prescott Hotel
        Case No. C 07-4531 SI

Dear Judge Illston:

I am writing in response to your order reopening the above-referenced case, directing me
to file an amended complaint and supplemental information regarding my financial
condition. Attached please find an amended Form-Intake 3 per your instructions.

My financial situation has changed considerably since August 2007. I am no longer
employed and I am unable to make any payments on my 3 credit cards. My bank savings
has dwindled to under $200.

Thank you very much for considering my re-application to proceed In Forma Pauperis.

Sincerely,

Helene Akar

Attachment