Margaret E. Murray (SB #130946)
LAW OFFICES OF MARGARET E. MURRAY
517 Los Palmos Drive
San Francisco, CA 94127
(415) 585-5400 (phone)
(415) 585-2722 (fax)
Margaret@memlawsf.com (email)

Attorneys for Defendant Prescott Hotel

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Helene Akar, | ) Case No. C07-4531 SI |
| | ) |
| Plaintiff, | ) DEFENDANT'S MOTION TO DISMISS |
| | ) PLAINTIFF'S FIRST AMENDED |
| vs. | ) COMPLAINT AND PETITION TO |
| | ) COMPEL ARBITRATION |
| Prescott Hotel, | ) |
| | ) Date: June 6, 2008 |
| Defendant | ) Time: 9:00 a.m. |
| | ) Dept: 10 (Judge Illston) |
| | ) |
| | ) |

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and the Federal Arbitration Act, Defendant Prescott Hotel hereby submits its Motion to Dismiss Plaintiff's First Amended Complaint and Petition to Compel Arbitration.

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on June 6, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Department 10 of the United States District Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Prescott Hotel will move the Court

Defendant's Notice of Motion, Motion to Dismiss and Petition to Compel Arbitration, Points & Authorities

1

pursuant to Federal Rule of Civil Procedure 12(b)(1) and the Federal Arbitration Act, 9 U.S.C. §§ 3 and 4 ("FAA"), for an Order dismissing the first amended complaint of Plaintiff Helene Akar and compelling arbitration of her purported claims against Defendant.  The motion will be made on the ground that the parties entered into a legally enforceable agreement to submit any and all claims arising out of Plaintiff's employment, including claims asserted under federal and state civil rights laws such as Title VII, to binding arbitration before the American Arbitration Association according to its National Employment Rules.

The motion will be based on this Notice of Motion, on the attached Memorandum of Points and Authorities, on the attached declaration of Margaret E. Murray, on all the pleadings and records on file in this action, and on all other papers, pleadings and argument to be presented.

### RELIEF REQUESTED

By this Motion, Defendant respectfully requests that the Court dismiss Plaintiff's first amended complaint without leave to amend and compel the parties to arbitrate Plaintiff's purported claims against Defendant, as agreed in the January 2005 Arbitration Agreement that Plaintiff entered into with Defendant at the time she was hired.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.      QUESTIONS TO BE DECIDED**

A.      Is the Arbitration Agreement signed by Plaintiff at the beginning of her employment legally enforceable?

B.      If the Arbitration Agreement is legally enforceable, does this Court lack subject matter jurisdiction such that it must dismiss the first amended complaint with prejudice?

C.      If the Arbitration Agreement is legally enforceable, should this Court order the parties to arbitration pursuant to its terms?

Defendant's Notice of Motion, Motion to Dismiss and Petition to Compel Arbitration, Points & Authorities

2

Defendant believes that the answer to all three questions presented is "yes."

## II.    RELEVANT FACTS

Plaintiff began her employment as a Guest Service Agent at the Prescott Hotel on or about January 4, 2005.  As a condition of her employment, and as part of her hiring process, Plaintiff entered into an Arbitration Agreement with Defendant (the "Arbitration Agreement"). A true and correct copy of the Arbitration Agreement is set forth as Exhibit A to the Declaration of Margaret E. Murray ("Murray Decl."), submitted with this Motion.[1]

The Arbitration Agreement provides, in pertinent part:

> In consideration for and as a material condition of your employment and the continuation of your employment with the Company, you and the Company agree to submit for resolution pursuant to the American Arbitration Association's ("AAA") National Rules for the Resolution of Employment Disputes…, any employment-related disputes…including those based on alleged violations of federal and/or state laws, including but not limited to Title VII of the Civil Rights Act of 1964….

Murray Decl., Exh. A, p. 1.  Plaintiff's name and signature appear at page 2 of the Arbitration Agreement.  *Id.* at p. 2.

## III.    ARGUMENT

### A.    The Arbitration Agreement is Legally Enforceable.

The Arbitration Agreement is both procedurally and substantively fair and conscionable. Consequently, it should be enforced pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.,* in accordance with the strong federal public policy in favor of arbitration.

---

[1]    On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the Court may rely on affidavits and other evidentiary material to make relevant factual findings. *Targett v. United States*, 551 F. Supp. 1231 (N.D. Cal. 1982).  A party opposing the motion then must present affidavits or any other evidence necessary to satisfy her burden of establishing that the court does possess subject matter jurisdiction. See *Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

An individual may be compelled to arbitrate a dispute under Title VII based on an arbitration provision contained in his or her employment application. *Mago v. Shearson Lehman Hutton Inc.*, 956 F.2d 932, 935 (9th Cir. 1992). Under California law, an agreement to arbitrate is enforceable unless it is both procedurally and substantively unconscionable. *Armendariz v. Foundation Health Psychcare Svcs., Inc.*, 24 Cal. 4th 83, 6 P. 3d 669, 690 (Cal. 2000).

According to *Armendariz*, five minimum requirements must be met for a lawful arbitration agreement requiring an employee to arbitrate statutory civil rights claims. The agreement must provide for (1) neutral arbitrators; (2) more than minimal discovery; (3) a written award; (4) all types of relief that would otherwise be available in court; and (5) no requirement that the employee pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum. *Armendariz*, 24 Cal. 4th at 102, 6 P. 3d at 682. The Arbitration Agreement meets all five requirements.

First, the Arbitration Agreement provides for a neutral arbitrator to hear any employment-related disputes under the auspices of the AAA. Murray Decl., Exh. A, p. 2 at ¶ 2 ("The dispute shall be resolved by exclusive, final and binding arbitration by the AAA before a single neutral arbitrator…."). Second, the Arbitration Agreement provides that any disputes will be subject to arbitration pursuant to the AAA's National Rules for the Resolution of Employment Disputes, as amended, ("AAA Employment Rules") which do provide for more than minimal discovery. *Id.* at p.1, ¶ 6; *see also* AAA Employment Arbitration Rules, Rule 9 regarding discovery at *http://www.adr.org/sp.asp?id=32904* ("The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as

/ / /

the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.").

Third, the Arbitration Agreement provides for a written decisional award, in that it provides for the application of AAA Employment Rules.  Those rules require that the arbitrator's award "shall be in writing."  *Id.* at Rule 39.  Fourth, the Arbitration Agreement places no restriction whatsoever on the types of relief that may be sought in arbitration, so that the parties may seek any and all relief that would otherwise be available to them in court.  Fifth, and finally, the Arbitration Agreement provides that "the Company will pay all of the expenses and fees of the arbitrator" and "seventy-five (75) percent of the AAA's administrative fees."  Murray Decl., Exh. A, p. 2, ¶ 5.  As such, it does not require Plaintiff to pay any arbitrators' fees or unreasonable costs.

In *DiDonato v. A.G. Edwards & Sons Inc.*, 1994 U.S. Dist. LEXIS 21422 (N.D. Cal. 1994), the court granted defendant's motion to dismiss the plaintiff's Title VII action and compelled arbitration of her claims based on language in a written employment application very similar to that of the Arbitration Agreement.  In *DiDonato*, Plaintiff attempted to avoid the plain terms of her agreement to arbitrate by arguing that (1) she simply did not realize or intend that the arbitration agreement she signed would require her to arbitrate and to waive a jury trial; (2) the agreement denied her constitutional right to a jury trial; (3) there was no consideration to support the agreement; and (4) the agreement frustrated the purpose of Title VII.  The court rejected each of these claims rather summarily, granting defendants' motion to dismiss Plaintiff's complaint without leave to amend.  *Id.* at *8-9.

/ / /

Here, as in *DiDonato*, Plaintiff should not be permitted to avoid the provisions of the arbitration agreement that she freely signed with Defendant when she accepted employment at the Prescott Hotel.  Pursuant to the Arbitration Agreement, Plaintiff will be afforded every opportunity to have her alleged claims fairly and fully heard and decided by a neutral third party at AAA, as both she and Defendant agreed.  No evidence of "the sort of fraud or overwhelming economic power that would provide grounds for the revocation of any contract" exists here, *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S. Ct. 1647, 1656, 114 L. Ed. 2d 26 (1991).  Therefore, the Court should enforce the Arbitration Agreement, grant Defendant's motion to dismiss without leave to amend, and compel the parties to participate in arbitration.

B.  The Court Lacks Subject Matter Jurisdiction and Therefore
Must Dismiss Plaintiff's First Amended Complaint Without Leave to Amend.

Federal Rule of Civil Procedure 12(b)(1) authorizes a defendant to move to dismiss or to stay an action pending arbitration based on the existence of an arbitration agreement.  The essence of such a motion is a question of the court's subject matter jurisdiction.  *Macchiavelli v. Shearson, Hammill & Co.*, 384 F.Supp. 21, 28 (E.D. Cal. 1974), citing *Evans v. Hudson Coal Co.*, 165 F.2d 970 (3d Cir. 1948).

Under the FAA, if a party brings a claim in federal court that is within the scope of a binding arbitration agreement, another party can move the court to compel arbitration and to stay the proceeding until arbitration is completed.  9 U.S.C. §§ 3, 4; *see also Seus v. John Nuveen & Co.*, 146 F.3d 175, 178-79 (3d Cir. 1998). If all of the claims involved in the action are arbitrable, the court may dismiss the federal action instead of staying it.  *See Blair v. Scott Specialty Gases*, 283 F.3d 595, 600-02 (3d Cir. 2002).  Since Plaintiff's Title VII claims asserted

in her first amended complaint are exclusively arbitrable, this Court should dismiss the action without leave to amend.

      C.  <u>The Court Should Enforce the Parties' Agreement to Arbitrate</u>.

      As demonstrated above, the Arbitration Agreement is legally enforceable. Consequently, the Court should enforce the parties' agreement and compel Plaintiff to arbitrate her purported claims against Defendant in accordance with that agreement.

<strong>CONCLUSION</strong>

      Based on the reasons set forth above, Defendant Prescott Hotel respectfully requests that the Court grant its motion to dismiss and enter an order dismissing Plaintiff's first amended complaint without leave to amend.  Defendant also respectfully requests that the Court grant its motion to compel arbitration of Plaintiff's purported claims against Defendant pursuant to her arbitration agreement with Defendant.

Respectfully submitted,

Dated: May 7, 2008

LAW OFFICES OF MARGARET E. MURRAY

/S/  <em>MARGARET E. MURRAY</em>

Margaret E. Murray
Attorneys for Defendant Prescott Hotel

/ / /

/ / /

/ / /

/ / /

/ / /

Defendant's Notice of Motion, Motion to Dismiss and Petition to Compel Arbitration, Points & Authorities