IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELENE AKAR, | No. C 07-4531 SI |
|     Plaintiff, | **ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS AND TO COMPEL ARBITRATION** |
|     v. | |
| PRESCOTT HOTEL, | |
|     Defendant. | |

Defendant's motion to dismiss and petition to compel arbitration is scheduled for a hearing on June 6, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court finds that plaintiff agreed to arbitrate her claims against defendant, and thus the Court GRANTS defendant's petition to compel arbitration and to dismiss this case.

**BACKGROUND**

On March 28, 2008, plaintiff filed an amended complaint alleging claims under Title VII for employment discrimination. Plaintiff alleges that while she was employed at the Prescott Hotel, she experienced discrimination on account of her race or color, age,[1] sex, and national origin. Amended Complaint ¶ 5. Plaintiff alleges that managers and co-workers harassed her, that she was unfairly

---

[1] Plaintiff filed a form "employment discrimination complaint" which states that the action is brought pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff attached to the complaint a letter describing her claims in which she alleges that she was also discriminated against on the basis of her age. Although irrelevant for purposes of deciding the instant motion, the Court informs plaintiff that Title VII does not protect against age-based discrimination in employment; such claims are brought pursuant to the Age Discrimination in Employment Act.

disciplined, not promoted, and ultimately terminated. *Id.* (attached letter).

Defendant has moved to compel arbitration and to dismiss the complaint. Defendant states that plaintiff worked as a Guest Service Agent at the Prescott Hotel in 2005. Defendant has submitted a copy of an arbitration agreement signed by plaintiff. That agreement provides, in relevant part:

> In consideration for and as a material condition of your employment and the continuation of your employment with the Company, you and the Company agree to submit for resolution pursuant to the American Arbitration Association's ("AAA") National Rules for the Resolution of Employment Disputes . . . any employment-related disputes which are not resolved through the Company's employee appeal procedure. Employment-related disputes are any actual or alleged events, claims or disputes in connection with or concerning or arising out of your employment, or the administration or termination of your employment, including those based on alleged violations of federal and/or state laws, including but not limited to Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the Age Discrimination in Employment Act and with the exception of . . . [any] claims prohibited by law from being resolved by arbitration.

Murray Decl. Ex. A at 1. The agreement also provides that the "dispute shall be resolved by exclusive, final and binding arbitration before a single neutral arbitrator knowledgeable in employment law," that the parties have a right to be represented by an attorney during any phase of the arbitration proceedings, and that "the Company will pay all of the expenses and fees of the arbitrator [and] will also pay seventy-five (75) percent of the AAA's administrative fees; the employee will pay twenty five (25) percent." *Id.* at 2. Plaintiff did not file an opposition to the motion.

**LEGAL STANDARD**

Where an "arbitration clause [is] broad enough to bar all of the plaintiff's claims since it required [the plaintiff] to submit all claims to arbitration," those claims may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). The Federal Arbitration Act, and case law interpreting it, provide guidance as to when an arbitration agreement covers a plaintiff's claims.

Section 4 of the Federal Arbitration Act permits "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner

provided for in [the arbitration] agreement." 9 U.S.C. § 4. Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration. *See Cohen v. Wedbush, Noble Cooke, Inc.*, 841 F.2d 282, 285 (9th Cir. 1988).

The Supreme Court has stated that the FAA espouses a general policy favoring arbitration agreements. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Federal courts are required to rigorously enforce an agreement to arbitrate. *See id.* In determining whether to issue an order compelling arbitration, the court may not review the merits of the dispute, but must limit its inquiry to (1) whether the contract containing the arbitration agreement evidences a transaction involving interstate commerce, (2) whether there exists a valid agreement to arbitrate, and (3) whether the dispute(s) fall within the scope of the agreement to arbitrate. *See Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 475, 477-78 (9th Cir. 1991), *cert denied*, 503 U.S. 919 (1992). If the answer to each of these queries is affirmative, then the Court must order the parties to arbitration in accordance with the terms of their agreement. 9 U.S.C. § 4.

"The standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the [FAA] is phrased in mandatory terms." *Standard Fruit*, 937 F.2d at 475; *cf. Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (holding that the FAA "leaves no place for the exercise of discretion by a district court"). Moreover, the scope of an arbitration clause must be interpreted liberally and "as a matter of federal law, any doubts concerning the scope of arbitrable disputes should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24. Hence, "[a]n order to arbitrate . . . should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960).

**DISCUSSION**

Defendant moves to compel arbitration of plaintiff's claims pursuant to the terms of the arbitration agreement. Plaintiff has not filed an opposition to the motion, although the proof of service indicates that she was served with the motion.

3

1  The Court finds that the *Standard Fruit* factors are met here, and that plaintiff should be compelled to arbitrate her claims. The contract containing the arbitration clause evidences a transaction involving interstate commerce in that plaintiff worked at a hotel in San Francisco. *Cf. Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 243 (1964). Plaintiff has not disputed the validity of the arbitration agreement, and the copy of the agreement filed with the Court is signed and dated.[2] Finally, the instant dispute clearly falls within the scope of the agreement, which covers all employment-related claims. Accordingly, the Court GRANTS defendant's motion to compel arbitration, and DISMISSES the complaint. *See Sparling*, 864 F.2d at 638.

## CONCLUSION

For the foregoing reasons the Court GRANTS defendant's petition to compel arbitration and GRANTS the motion to dismiss. (Docket No. 20). The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 2, 2008

SUSAN ILLSTON
United States District Judge

---

[2] Although plaintiff does not challenge the agreement as unenforceable, the Court finds that the arbitration agreement meets the requirements set forth in *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 102 (2000): the agreement here "(1) provides for neutral arbitrators, (2) provides for more than minimal discovery, (3) requires a written award, (4) provides for all of the types of relief that would otherwise be available in court, and (5) does not require employees to pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum." *Id.*